■ Rose Bruno et al., Respondents, v. Vernon Park Realty, Inc., Respondent, and New York, New Haven and Hartford Railroad Company, Appellant.— In an action brought in the City Court of Mount Vernon to recover damages for personal injuries sustained by plaintiff Rose Bruno, and by her husband for medical expenses and loss of services, the jury rendered a verdict in favor of plaintiffs and against defendant the New York, New Haven

and Hartford Railroad Company, and in favor of defendant Vernon Park Realty, Inc., against the plaintiffs. At the trial, the cross claim of each defendant against the other was dismissed. Defendant railroad appeals from the judgment in favor of plaintiffs and from the order granting the motion of defendant Vernon to dismiss the railroad's cross claim. While on her way to purchase a train ticket from defendant railroad, plaintiff wife was caused to fall by reason of a defective handrail on a stairway leading to the station. The stairway in question and surrounding property was owned by defendant Vernon, having been deeded to it by defendant railroad in 1951. A red brick path ran from the foot of the stairs to the railroad station. The surrounding area, also included in the deed, was used as a parking lot. There was evidence that the stairway and path were used daily by a great number of railroad passengers as a means of approach to its station, and had been so used for about 30 years. There was also evidence that the proprietors of the parking lot were instructed by Vernon's manager to keep the pathway free of parked cars for the benefit of railroad passengers. Judgment affirmed, with costs to respondents Bruno. The duty of a railroad company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by others, if constantly and notoriously used by passengers as a means of approach. (*Schlessinger* v. *Manhattan Ry. Co.*, 49 Misc. 504; *Buchner* v. *Erie R. R. Co.*, 17 N. J. 283.) The jury could have found, on the evidence adduced, that appellant had permission from the owner to use the stairway as part of an approach to its station and could also have inferred that appellant had permission to maintain it and keep it in repair. In any event, appellant had the duty of exercising reasonable vigilance to discover defects and to warn its passengers thereof. Appeal from " the Order " granting the motion of respondent Vernon to dismiss the cross claim dismissed, without costs. No such order, nor any judgment to that effect, is contained in the record. (Civ. Prac. Act, § 127; *Rozanski* v. *Dom, Inc.*, 261 App. Div. 1090.) In any event, there is no merit to this appeal. Implicit in the verdict of the jury is a finding that respondent Vernon violated no duty which it owed to the respondents Bruno. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Wenzel and Murphy, JJ., concur in the dismissal of the appeal from " the Order " but dissent from the affirmance of the judgment and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: The length of the brick path, from the foot of the stairs to the station, was about 65 feet. In our opinion, the place where the accident happened was too remote from the railroad property to apply the doctrine of the cases cited by the majority, particularly in the absence of evidence that appellant had actual notice of the claimed defect.