■ IRIS GELLIS et al., Respondents, v. G. D. SEARLE & CO., Appellant, et al., Defendant.— In an action to recover damages for personal injuries, etc., defendant G. D. Searle & Co. appeals from an order of the Supreme Court, Kings County, dated March 1, 1972, which denied its motion (1) to vacate certain of plaintiffs' interrogatories and (2) to stay the balance of the interrogatories. Order reversed, with $10 costs and disbursements, *and motion granted*, with leave to plaintiffs to pursue such remedy as may be appropriate, if their counsel be so advised, to obtain copies of the data in issue, upon the conclusion of the Illinois discovery and inspection. Following an order that all discovery against appellant be conducted in Skokie, Illinois, plaintiffs served

written interrogatories upon appellant. The interrogatories are extremely voluminous and request numerous reports, tests and documents which may or may not exist. Appellant moved to vacate the interrogatories requesting it to produce copies of the reports and documents and to vacate certain other interrogatories dealing with what appellant considered privileged or other information to which plaintiffs are not entitled. The prime objection raised was the number of documents and reports sought and the request that appellant make the copies. In opposing the motion, counsel for plaintiffs noted that the documents requested and interrogatories propounded dealt with the negligence cause of action. CPLR 3130, which authorizes the use of interrogatories, specifically provides that they are not available in an action to recover damages for personal injuries based on negligence. In the case at bar, plaintiffs have alleged causes of action in both negligence and breach of warranty. It has been held that where both negligence and breach of warranty are alleged the use of interrogatories is not barred where there exists a viable basis for the contractually-based cause (*Ford Motor Co.* v. *Burke Co.*, 51 Misc 2d 420). However, the practice commentary by Professor David D. Siegel on CPLR 3130 notes that where the two causes of action are alleged the court will have to draw a line precluding the interrogatory with reference to the negligence claim but allowing it with reference to the breach of warranty claim (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3101-3200, p. 669). Here, plaintiffs have indicated that the information requested is concerned with the negligence cause of action. Accordingly, interrogatories are not available. Furthermore, CPLR 3131, which authorizes requests for copies of documents along with the answers to interrogatories, specifically provides that " Interrogatories may require copies of such documents or photographs as are relevant to the answers required, unless opportunity for this examination and copying be afforded." Since there is no indication that appellant objects to plaintiffs going to Illinois and making copies of records and documents, and in fact it would appear that appellant is willing to permit such copying, even if interrogatories were proper in this case plaintiffs are not entitled to demand that appellant make the copies. A further ground requiring a vacatur of the demand for copies of records, reports and documents, even if interrogatories were available in the case, is the failure to specify the material sought (*Federal Pacific Elec. Co.* v. *Fishback & Moore*, 25 A D 2d 828; see *Rios* v. *Donovan*, 21 A D 2d 409; CPLR 3120, subd. [a]). Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.