■ JOHN ROLLIN, Respondent, v B. F. GOODRICH COMPANY, Appellant, et al., Defendants.—Appeal from an order of Special Term, entered June 10, 1975 in Albany County, which granted in part the plaintiff's motion to strike certain interrogatories contained in a demand served upon the plaintiff. The plaintiff was injured while observing the inflation of a certain Space Saver tire allegedly manufactured by the defendant, B. F. Goodrich Company (hereinafter Goodrich), when the tire exploded from its rim and struck the plaintiff. The plaintiff sued Goodrich and others, alleging causes of action grounded in negligence, breach of warranty and strict products liability. Goodrich, through its attorneys, served upon the plaintiff a demand for answer to written interrogatories (CPLR 3130). The plaintiff then moved pursuant to CPLR 3133 for an order striking the interrogatories upon the ground that the defendants sought information regarding the negligence cause of action and upon the further ground that they were irrelevant, superfluous, repetitive and sought privileged information. It is clear that interrogatories may not be used in an action for personal injuries resulting from negligence (CPLR 3130). However, it appears that if the personal injury action is predicated on a ground other than negligence, e.g., breach of

warranty, their use is permitted and the court in such a case will have to draw a line, precluding the interrogatory with reference to the negligence claim, but allowing it with reference to the warranty claim. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3130, p 669; *Gellis v Searle & Co.,* 40 AD2d 676.) While Special Term did not specifically enumerate the precise reason or reasons for excluding each of the many demands that it struck, it appears that it followed the above rules where applicable and that there was also sufficient reason to reject the remaining stricken demands. Order affirmed, with costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.