■ CARL CHENG et al., Respondents, v F. W. WOOLWORTH COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.)—Appeal by defendant F. W. Woolworth Company from so much of an order of the Supreme Court, Queens County, dated February 15, 1978, as denied its motion, pursuant to CPLR 3130, to vacate plaintiffs' interrogatories. Order reversed insofar as appealed from, with $50 costs and disbursements, and motion granted. Under the allegations set forth in the complaint Woolworth's only possible liability may result from its alleged negligence in maintaining and operating the escalator on its premises. Although the use of interrogatories as a discovery device should be afforded "the broadest possible scope", (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:3, pp 669-670) the courts are bound by the Legislature's plain intent, expressly set forth in CPLR 3130, to preclude interrogatories in actions predicated solely upon negligence. A plaintiff may not circumvent that policy by artful drafting of his complaint when it is clear that the substance of his claim is based solely on negligence (cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:3, pp 671-672). Thus the cases cited by plaintiff, holding interrogatories permissi-

ble in cases where negligence is joined with other causes of action, are inapplicable to the case at bar (see, e.g., *Gellis v Searle & Co.,* 40 AD2d 676). The principle that the use of interrogatories in such cases is limited to the nonnegligence causes of action reinforces our conclusion (see *Rollin v Goodrich Co.,* 55 AD2d 985; *Ford Motor Co. v Burke Co.,* 51 Misc 2d 420). Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.