■ ELEANOR FORTSON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — Order, Supreme Court, New York County (White, J.), entered March 14, 1984, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiff Eleanor Fortson was injured when she tripped and fell on an allegedly defective step as she descended a stairway leading from the Penn Station Railroad Terminal to defendant Transit Authority's 34th Street subway station. Signs posted at the top of the stairway indicated that it led to a change booth and a subway entrance. A sign at the bottom of the stairway facing pedestrians approaching the steps read "Exit". The stairway serves no function other than to provide a means of ingress to and egress from defendant's 34th Street subway station. On this record it cannot be disputed that the Transit Authority does not own, operate or maintain the stairway, which is apparently owned by the Pennsylvania Tunnel & Terminal Railroad and/or the Penn Terminal Real Estate Co. Special Term granted the Transit Authority's motion for summary judgment dismissing the complaint on the ground that, absent ownership or control, it had no duty to maintain the stairway. We disagree.

"The duty of a railroad company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by others, if constantly and notoriously used by passengers as a means of approach." (*Bruno v Vernon Park Realty,* 2 AD2d 770, 771.) Since it is apparent that the stairway's sole function is to provide terminal users with access to its subway station, the Transit Authority had a duty to exercise reasonable care to see that the stairway was kept in a safe condition, or at least to take such precautions or give such warnings as would protect those using the stairway against unforeseen danger. In the circumstances presented, given the singular use to which the stairway is put, we find that the imposition of such a duty upon the Transit Authority is not an undue burden.

We note that *Garcia v Arbern Realty Co.* (89 AD2d 616), upon which Special Term relied, is inapposite. There, unlike here, where the stairway is used exclusively by the Transit Authority's passengers, the stairway in question was used in common by all of the building's business tenants and their customers. In such circumstances, it would be unreasonable to fasten a duty of due care with respect to the maintenance of the stairway on the defendant tenant, at most a common user.

Concur — Murphy, P. J., Kupferman, Sullivan, Kassal and Rosenberger, JJ.