(April 24, 1989)

■ FLORENCE ADIUTORI et al., Individually and as Parents of ERIKA ADIUTORI, et al., Appellants, v RABOVSKY ACADEMY OF DANCE, INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk

County (Jones, J.), dated February 3, 1988, which granted the defendants' separate motions for summary judgment and thereupon dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs brought this action to recover damages for personal injuries suffered by the infant plaintiff as a result of an assault upon her which occurred on premises owned by the defendant Jopet Associates, Inc. and leased to the defendant Rabovsky Academy of Dance, Inc.

Following depositions, the defendants moved for summary judgment dismissing the complaint, arguing that absent a showing of notice on their part of prior criminal activity, the assault on the infant plaintiff was not foreseeable. The Supreme Court, Suffolk County, granted the motion. We affirm.

In *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507), the Court of Appeals reasoned that a possessor of real property may be cast in liability for injuries to another person on the property caused by the criminal activity of a third party if the possessor knew or should have known from past experience that there was a likelihood of criminal conduct which would endanger the safety of such person *(Nallan v Helmsley-Spear, Inc., supra,* at 519). Lacking such notice, there is no duty on the part of the landowner to provide protective measures, as foreseeability of harm is the measure of a landowner's duty of care *(see, Basso v Miller,* 40 NY2d 233, 241; *see generally, Miller v State of New York,* 62 NY2d 506). The plaintiffs herein have failed to submit any evidence which would raise an issue of fact with respect to the defendants' notice of prior criminal activity on the premises. Accordingly, summary judgment was properly granted in the defendants' favor *(see, Iannelli v Powers,* 114 AD2d 157, 162-163, *lv denied* 68 NY2d 604).

The plaintiffs' additional claim against the defendant Rabovsky Academy of Dance, Inc. for negligent supervision was also properly dismissed, as no classes were held by it at the premises on the date of the assault; hence, no duty to supervise arose. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.