■ ROBERT C. SMITH, Individually and as Administrator of the Estate of AMY L. SMITH, Deceased, Respondent, v FISHKILL HEALTH-RELATED CENTER, INC., et al., Defendants, and WEIGHT WATCHERS OF NEWCON, INC., et al., Appellants.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme

Court (Juidice, J.), entered May 1, 1991 in Dutchess County, which denied a motion by defendants Weight Watchers of Newcon, Inc. and Weight Watchers International, Inc. for summary judgment dismissing the complaint against them.

At issue on this appeal is whether defendants Weight Watchers of Newcon, Inc. and Weight Watchers International, Inc. (hereinafter collectively referred to as Weight Watchers) are entitled to summary judgment dismissing a complaint seeking to recover damages arising out of the stabbing death of a young woman who was attacked in the parking lot of the Fishkill Health-Related Center in Dutchess County as she was returning to her car after attending a Weight Watchers meeting. Based upon the evidence in the record, we conclude that, as a matter of law, Weight Watchers breached no duty owed to decedent and, therefore, Supreme Court's order must be reversed.

The Fishkill Health-Related Center is a residential facility which provides care for the elderly. The facility is operated by defendant Fishkill Health-Related Center, Inc. (hereinafter the Center), which is not a party to this appeal. The Center occupies and operates the facility pursuant to a long-term lease. Weight Watchers and the Center entered into an agreement whereby the Center agreed to provide a conference room one evening each week for meetings or classes to be conducted by Weight Watchers.

Plaintiff's claim of negligence asserted against Weight Watchers is based upon the failure to provide adequate lighting and other security measures and the failure to warn of the dangerous condition created by the inadequate security measures. In determining the scope of the duty involved when a person is injured by the intentionally harmful acts of a third person, the Court of Appeals found "the rule stated in the Restatement instructive" (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519). That rule imposes upon "[a] possessor of land who holds it open to the public" the duty to "exercise reasonable care to (a) discover that [intentionally harmful acts of third persons] are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it" (Restatement [Second] of Torts § 344). A landowner or leaseholder is not, however, an insurer of the visitor's safety (Nallan v Helmsley-Spear, Inc., supra, at 519).

The undisputed evidence in the record establishes that Weight Watchers was not a possessor of the land where the

fatal assault occurred. The Center was the lessee in possession of the entire premises, including the parking lot where decedent was stabbed to death. At most, Weight Watchers was a sublessee of a conference room in the facility building one evening each week. Although the Center permitted Weight Watchers' members to park in the parking lot, Weight Watchers had no possessory interest in the parking lot and it exercised no dominion and control over the parking lot, which was also used by the Center's employees and visitors. We conclude, therefore, that Weight Watchers had no duty to maintain the parking lot in a reasonably safe condition *(see, McGill v Caldors, Inc.,* 135 AD2d 1041) or to provide adequate lighting *(see, Krinick v Sharac Rest.,* 144 AD2d 440, *lv denied* 73 NY2d 707).

Plaintiff's reliance upon *Fortson v New York City Tr. Auth.* (111 AD2d 58) is misplaced. The *Fortson* case involved the duty owed by a railroad to its passengers and the injury occurred on a stairway which, although owned by another party, served no function other than to provide a means of ingress to and egress from the defendant's property. Here, however, the parking lot was used by the Center's employees and visitors, and plaintiff's claim that the parking lot was used exclusively by Weight Watchers' members on the evenings of their meetings is contrary to the evidence in the record.

Assuming that the relationship between Weight Watchers and its members could create a duty on the part of Weight Watchers to warn its members or otherwise exercise reasonable care to protect them from criminal activity in the parking lot *(cf., Muniz v Flohern, Inc.,* 77 NY2d 869, 870; *Waters v New York City Hous. Auth.,* 69 NY2d 225), there is no basis for imposing such a duty in this case. As the Court of Appeals explained in *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507, *supra),* "even where there is an extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' " *(supra,* at 519, quoting Restatement [Second] of Torts § 344, comment *f).* There is no evidence in this record that Weight Watchers knew or should have known that a criminal incident in the parking lot was a "significant, foreseeable possibility" *(Nallan v Helmsley-Spear, Inc., supra,* at 520).

Plaintiff failed to submit any proof in evidentiary form that

the parking lot was located in a high crime area, that the parking lot had been the scene of prior criminal incidents or that Weight Watchers otherwise knew or should have known from past experience that there was a likelihood of its members being assaulted in the parking lot. Plaintiff argues that Weight Watchers had a duty to protect its members because most of them were young women, the meetings ended after dark and the parking lot was located in a remote, wooded area. We conclude that, as a matter of law, those facts are insufficient to show the likelihood of criminal conduct in the parking lot and, therefore, Weight Watchers had no duty to provide protective measures (see, Adiutori v Rabovsky Academy of Dance, 149 AD2d 637).

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Weight Watchers of Newcon, Inc. and Weight Watchers International, Inc., and complaint against them dismissed.