OPINION OF THE COURT
Walter Tolub, J.
Plaintiff moves to compel compliance with the preliminary conference order of this court; for an order deeming the affidavits of service upon defendants Roman Shoe Repair Co. and Sacha Abramov, filed timely nunc pro tunc; and for a default judgment against Roman Shoe Repair and Sacha Abramov. The defendants New York City Transit Authority (Transit Authority) and City of New York move for judgment dismissing the complaint. The motion and cross motions are consolidated for the purposes of this court’s decision.
The plaintiffs motion for an order granting leave to file the affidavits of service nunc pro tunc and for a default judgment against Roman Shoe Repair Co. and Sacha Abramov is granted on default.
FACTS
Plaintiff was allegedly injured as a result of a fall on a stairway located at 200 West 40th Street. The stairway in question led down into a mezzanine where defendant Roman Shoe Repair Co. was located and into the New York City subway. The defendant City of New York moves for summary judgment on the grounds that it does not own, maintain, operate or control the stairway. Similarly, the defendant New York City Transit Authority claims that it does not own, maintain, operate or control the stairway and that pursuant to an indenture entered into some 60 years ago it was granted a right of use of the stairway. The indenture provides that the Transit Authority is to be indemnified and held harmless by the fee owner in the event of any action, suit or claim which arises out of or in connection with the stairway.
CITY OF NEW YORK
The motion for summary judgment by the City of New York is granted. By virtue of a lease agreement entered into between the City and Transit Authority and promulgated under title 9 of the Public Authorities Law, the Transit Authority has jurisdiction, control and supervision over all transit facilities (Public Authorities Law § 1203 [1] fal). There is no proof *197 that the City had any duty to plaintiff with respect to this stairway and therefore there is no basis to impute liability to the City of New York under the facts presented in this action.
TRANSIT AUTHORITY
The Transit Authority claims that it is entitled to summary judgment inasmuch as it did not own, operate, control, or maintain the stairway in question. In addition the Transit Authority claims that by virtue of the indenture entered into in 1932 it is not responsible for maintenance of the stairway.
The Transit Authority argues that as a "common user” of the stairway it is not responsible for its maintenance (see, Fortson v New York City Tr. Auth., 111 AD2d 58). In Fortson, the plaintiff was injured when she tripped and fell on a defective step located on a stairway leading from Penn Station to the subway. In reversing Special Term and denying summary judgment to the Transit Authority the Appellate Division held that, "[s]ince it is apparent that the * * * sole function is to provide terminal users with access to its subway station, the Transit Authority had a duty to exercise reasonable care to see that the stairway [remained] in safe condition, or at least to take such precautions or give such warnings as would protect those using the stairway against unforeseen danger.” (Supra, at 58.)
The Court went on to state that where the Transit Authority is a common user of a stairway along with other business tenants, it is unreasonable to fasten a duty of care with respect to the maintenance of a stairway. The Transit Authority relying on the dicta in Fortson (supra) seeks a dismissal of the within complaint.
In Bruno v Vernon Park Realty (2 AD2d 770), the Court held that a railroad company owes a duty to its passengers to exercise reasonable care in affording safe approaches to the stations and platforms, and this duty extended not only to the approaches constructed by the railroad but to those constructed by others, if constantly and notoriously used by passengers as a means of approach.
The evidence presented in this case demonstrates that the Transit Authority is more than a mere common user. At the time of the accident, only one business, a shoe repair shop, was located between the street level and the entrance to the subway. Clearly the overwhelming majority of people were not using that stairway as a means to gain access to Roman Shoe *198 Repair. The primary function of the stairway was to provide an approach to the subway system. It is at least a question of fact as to whether the main function of the stairway was to provide access to the subway or whether the stairway was one utilized in common by a number of tenants. Additionally, if it is found that the primary purpose of the stairway was to provide access to the subway a question of fact remains as to whether the Transit Authority breached a duty of reasonable care to the plaintiff.
The Transit Authority next argues that it is absolved of liability for all injuries incurred on the subject stairway pursuant to the 1932 indenture agreement. The indenture agreement provides that the lessee agrees to maintain and repair the approach and to hold harmless the Transit Authority in the event of any injuries arising out of or in connection with the use of the approach.
Contrary to the defendant’s argument, this indenture does not absolve the Transit Authority of liability to third parties. While this agreement may bind the parties, their assigns and successors, it has no affect on third parties injured on the stairs. The indenture may entitle the Transit Authority to indemnification from Roman Shoe Repair, but it does not foreclose the plaintiff’s right to pursue a claim against the Transit Authority.
Furthermore, as a matter of public policy, the Transit Authority may not hide behind this indenture to avoid its obligation. Transit Authority’s argument that, "someone else is responsible”, does not hold much weight in light of the fact that the approach upon which plaintiff fell seems to be primarily utilized for access to its subway station. Even if the indenture placed responsibility upon a lessee to maintain the stairs, the Transit Authority cannot escape liability to a third party due to the lessee’s failure to maintain and repair. The Transit Authority has a duty to exercise reasonable care in maintaining and repairing approaches to station platforms. If that duty is delegated to another party and that party fails to act the Transit Authority cannot simply avoid liability to an injured pedestrian by simply passing the responsibility to another (see, Bruno v Vernon Park Realty, supra).
Accordingly, the plaintiff’s motion is granted to the extent indicated. All discovery not already provided by defendants is *199 to be provided within 30 days after this order is served with notice of entry. The cross motion for summary judgment by the City of New York is granted and the cross motion for summary judgment by the New York City Transit Authority is denied.