EVELYN HABERLIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [644 NYS2d 718]

On December 26, 1991, at about 7:40 A.M., plaintiff, a 66-year-old woman, while on her way to work, fell as she walked along a declining passageway toward the turnstiles at the 50th Street and Seventh Avenue subway station. As a result, plaintiff sustained multiple fractures of the left ankle, requiring open-reduction surgery and the placement of a plate, wires and screws in her ankle. Although plaintiff could not specify precisely where she fell or what caused her to fall, at this juncture there is evidence in the record to indicate that plaintiff fell apparently when her foot struck a protruding bolt located on the floor, after descending a set of stairs and before she reached the token booth. On the appeal from the denial of an earlier motion by the Transit Authority for summary judgment dismissal of the complaint, this Court, in affirming, found

a question of fact as to the precise location of the accident and the condition of the location, which information might be within the knowledge of a Transit Authority employee who had been present at the time even though she did not witness the accident. (210 AD2d 122.) Subsequent to that determination, a non-party who witnessed the accident was found. According to him, plaintiff "fell on a metal screw sticking out of the ground" and he had shown "the token lady * * * exactly where [plaintiff] fell." The token booth clerk, Ms. Allen, is no longer a Transit Authority employee and she has not been deposed. Also subsequent to the original motion, the Transit Authority obtained a certified copy of a June 25, 1925 indenture, by which the then owner and then lessee of the premises granted the Transit Authority's predecessor companies (the transit parties) an easement over the property in contemplation of the then planned mass transit subway system. The easement provides a means of ingress and egress, defined as the "approach", through the premises from the sidewalk to the subway platform. According to the easement, the owner and lessee were responsible for its maintenance and were obliged to indemnify and hold harmless the transit parties.

When plaintiff's counsel failed to appear at a compliance conference on February 23, 1995, the matter was marked off the calendar. Plaintiff's counsel moved to restore, pointing out that he had moved his office at the time and never received notice of the compliance conference. In support of the motion, plaintiff stated the merits of her case, alleging that her "foot hit something on the ground," causing her to fall. The Transit Authority opposed and, alleging that the indenture relieved it of any responsibility over the easement, cross-moved for summary judgment dismissing the complaint. The IAS Court denied the motion and granted summary judgment dismissing the complaint against the Transit Authority, finding it "has no legal duty to the plaintiff, nor does it have a duty to warn passengers of defects in areas that it does not own." We reverse.

Summary judgment is not warranted if there is at least a question of fact whether the Transit Authority maintained, operated or controlled the area where the accident occurred. The Transit Authority argues that affirmance is mandated by this Court's decision in *Valladares v New York City Tr. Auth.* (208 AD2d 471), which, as here, involved an easement that relieved it of the obligation to maintain the stairway in question. *Valladares* refused to consider the plaintiff's claim, raised for the first time on appeal, that the stairway's sole purpose was for access to and from the subway. "The duty of a railroad

company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by others, if constantly and notoriously used by passengers as a means of approach." (*Bruno v Vernon Park Realty*, 2 AD2d 770, 771; *Fortson v New York City Tr. Auth.*, 111 AD2d 58.) Here, of course, the issue of the almost exclusive use of the passageway by subway passengers was raised by plaintiff. Photographs of the passageway where the accident occurred show, for the most part, gated storefronts and an open newsstand. Subway passageways with long-vacant storefronts are a common sight in New York City. Thus, there is an issue as to whether the passageway was, at the time of the accident, used solely for subway passengers. Moreover, the record shows that the Transit Authority did maintain the passageway. A Transit Authority employee cleaned the area on the accident date, as he did every day at fixed time intervals, twice, subsequent to the time of the accident. A Transit Authority employee inspected the area after the accident as did the token booth clerk.

Finally, since there is nothing to contradict plaintiff's showing of law office failure, which, in the circumstances, constitutes a reasonable excuse for the default in appearing at the compliance conference (*see, Hunter v Enquirer/Star, Inc.*, 210 AD2d 32), and plaintiff shows merit to her claim, the motion to restore should have been granted. Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.