■ SUSANNE O'HARA et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [670 NYS2d 419] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered May 24, 1996, which granted defendant's motion for summary judgment dismissing the complaint and sub silentio denied plaintiffs' cross-motion to compel discovery, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for a determination of plaintiffs' cross-motion to compel compliance with their notice for discovery and inspection. Order, same court and Justice, entered February 29, 1996, which, *inter alia*, denied plaintiffs' motion to compel compliance with their demands for discovery, unanimously modified, on the law and the facts, to provide that the matter is remanded for a determination of that part of plaintiffs' motion that sought to compel compliance with interrogatories, and otherwise affirmed, without costs.

This is an action for damages related to injuries alleged to have resulted when plaintiff Susanne O'Hara slipped on ice and fell down one of the stairwells leading to the Broadway-Nassau subway station in Manhattan on February 8, 1994. Plaintiffs' complaint is alleged in three causes of action, i.e., for negligence, nuisance and, on behalf of plaintiff Patrick O'Hara, for loss of services.

Two years after the action was commenced, but prior to the completion of discovery, defendant New York City Transit Authority (Transit) disclaimed responsibility upon the ground that it did not own or control the property where the stairwell

was located. By order entered February 29, 1996, the IAS Court denied plaintiffs' motion to compel discovery already sought by way of interrogatories and to permit additional discovery by way of deposition on issues related to the ownership and control of the stairwell.

Transit then moved for summary judgment dismissing plaintiffs' complaint. In support of the motion, the attorney on behalf of Transit annexed a 1935 indenture between Warnsleigh Realty, the purported owner of the stairway where the accident occurred, and the City of New York, which granted the City an easement for ingress and egress of the public from the sidewalk to the subway station, and provided that the owner would be responsible for the maintenance of the stairway and that the owner would indemnify the City for any damages caused to plaintiffs by a failure to properly maintain the stairway.

Plaintiffs opposed the motion and cross-moved to compel additional discovery, asserting, *inter alia*, that Transit's duty as a rail carrier to ensure safe ingress and egress was non-delegable. Plaintiffs also set forth evidence contesting the validity of the easement and contended that further discovery was necessary before summary judgment could issue.

In response, Transit asserted that the easement was on record with the City Register and annexed an affidavit from its own employee who stated that Transit performed no maintenance work on the subject stairway.

The IAS Court granted Transit's motion for summary judgment and dismissed the complaint, stating, "Transit does not own or control [the] stairway where accident occurred". The court did not reach plaintiffs' cross-motion to compel discovery.

Since we find that Transit's motion for summary judgment should have been denied upon this record, we reverse.

While the "absolute duty" rule developed in relation to common carriers during the 1800's has been substantially eroded (*see, e.g., Adams v New York City Tr. Auth.*, 88 NY2d 116; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, 124 AD2d 106, 111, quoting *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249, *affd on opn of Kassal, J.*, 64 NY2d 670), it nevertheless remains the rule that: " 'The duty of a railroad company towards its passengers extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by others, if constantly and notoriously used by passengers as a means of approach.' "

(*Fortson v New York City Tr. Auth.*, 111 AD2d 58, quoting *Bruno v Vernon Park Realty*, 2 AD2d 770, 771; *see also, Haberlin v New York City Tr. Auth.*, 228 AD2d 383.) Although an exception to this general rule may be made where the stairway or approach is owned by another and used as a means of access to other businesses or tenants (*Fortson v New York City Tr. Auth., supra; cf., Garcia v Arbern Realty Co.*, 89 AD2d 616; *Valladares v New York City Tr. Auth.*, 208 AD2d 471; *Pena v New York City Tr. Auth.*, 237 AD2d 150), in this matter, there was no showing that that exception applied since, regardless of the stairway's ownership, Transit proffered no evidence that the stairway was used by anyone other than subway riders.

We reject Transit's contention that it was plaintiffs' obligation to set forth evidence showing that the stairway was not used in common. On a motion for summary judgment, the movant is required to set forth evidence establishing its prima facie entitlement to judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Only if it has done so does the motion's opponent have an obligation to set forth evidence demonstrating the existence of a material issue of fact in order to withstand judgment (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

The evidence proffered by Transit that the terms of the easement by which the City was entitled to use the stairway required the owner to maintain it may be relevant to the obligations those parties bear to each other, but cannot diminish Transit's obligation to its riders to provide safe access (*see, Fortson v New York City Tr. Auth., supra*). Thus, since Transit failed to set forth such evidence entitling it to summary judgment in the first instance, it has failed to demonstrate its right to relief.

Since we are reinstating the complaint, we also note that, to the extent that plaintiffs' motion to compel discovery sought both interrogatories and depositions, the denial was within the IAS Court's discretion. CPLR 3130 (1) states: "In the case of an action to recover damages for personal injury, injury to property or wrongful death predicated solely on a cause or causes of action for negligence, a party shall not be permitted to serve interrogatories on and conduct a deposition of the same party pursuant to rule 3107 without leave of court." Plaintiffs' claim that they are entitled as a matter of law to both depositions and interrogatories because they seek to recover for their personal injuries under a nuisance theory is without merit (*see, Cheng v Woolworth Co.*, 65 AD2d 615). However, since the

IAS Court has never determined plaintiffs' motion to compel compliance with their interrogatories or their cross-motion to compel compliance with their notice for discovery and inspection, we remand for a determination of these issues. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.