■ Nicholas Ambriano et al., Respondents, v Town of Oyster Bay, Respondent, and Long Island Railroad et al., Appellants. [698 NYS2d 696] —In an action to recover damages for personal injuries, etc., the defendants Long Island Railroad and Mill Rental Corp. separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated October 14, 1998, as denied their motion and cross motion, respectively, for summary judgment dismissing the complaint and any cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, the complaint and any cross claims are dismissed insofar as asserted

against the defendants Long Island Railroad and Mill Rental Inc., and the action against the remaining defendant is severed.

The plaintiff Nicholas Ambriano slipped on a patch of ice in a parking lot at the Long Island Railroad (hereinafter the LIRR) station at Bethpage and broke his leg. The parking lot was owned and maintained by the defendant Town of Oyster Bay. The defendant Mill Rental Corp. (hereinafter Mill Rental) had a contract with the Town to provide equipment and operators to assist in snow removal operations in various locations, including the LIRR station parking lots. The plaintiffs commenced this action against the LIRR, the Town, and Mill Rental.

The LIRR established its entitlement to summary judgment as a matter of law. The duty of the LIRR to its passengers "extends to the exercise of reasonable care in affording them safe approaches to the stations and platforms, and this duty applies not only to such approaches as may have been constructed and owned by the company, but to those constructed and owned by others, if constantly and notoriously used by passengers as a means of approach" (*Bruno v Vernon Park Realty,* 2 AD2d 770, 771; *see also, O'Hara v New York City Tr. Auth.,* 248 AD2d 138; *Fortson v New York City Tr. Auth.,* 111 AD2d 58; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). The duty of the LIRR to provide safe approaches to its station does not encompass the responsibility for snow removal in adjacent Town-owned parking lots, and the Town did not dispute that the municipality was responsible for snow removal operations there.

Further, we find no merit to the contention that the LIRR was liable for Ambriano's injuries because the unsafe condition of a sidewalk approach to the station caused him to take a route through the parking lot. Ambriano's deposition testimony established that he bypassed a set of steps leading to the train platform because there were 10 to 15 persons already on the steps, not because the steps were unsafe. He decided to walk through the parking lot to another set of steps because the sidewalk was covered with snow. After climbing over a mound of snow several feet high, he slipped on ice in the parking lot.

Even though the sidewalk leading to the second set of steps may have been unsafe, the record establishes that Ambriano was presented with a safe path to the train platform which was, in fact, being used by other passengers. As a general rule, if a carrier provides a safe, direct path for prospective passengers, it will not be held liable if the passenger chooses to take an indirect and treacherous path over property controlled

by someone else (*see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, 111-112, *affd* 72 NY2d 888; *see also, Francias v City of New York,* 222 AD2d 215; *Ausderan v City of New York,* 219 AD2d 562; *Meyers v City of New York,* 215 AD2d 543). Ambriano voluntarily chose to bypass a safe path used by other passengers to negotiate a route through a parking lot over snow and ice. Under the circumstances, the LIRR should not be held liable for a dangerous condition existing on property owned by the Town. Accordingly, the motion by the LIRR for summary judgment must be granted.

Mill Rental also established its entitlement to summary judgment as a matter of law. The evidence presented by Mill Rental, which included relevant Town documents, the testimony of a Town employee who supervised snow removal operations in the area during the relevant time period, and the testimony of an equipment operator for Mill Rental, established that Mill Rental was not responsible for snow removal in the subject parking lot before Ambriano's accident. The evidence offered by the Town in opposition to the motion was not based on personal knowledge of the snow removal operation in the parking lots and was therefore insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Santucci, Thompson and Altman, JJ., concur.