Doe v Educational Inst. Oholei Torah (2025 NY Slip Op 00948)

Doe v Educational Inst. Oholei Torah

2025 NY Slip Op 00948

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-01858
 (Index No. 525322/19)

[*1]John Doe, respondent, 
v
Educational Institute Oholei Torah, defendant, Central Yeshiva Tomchei Tmimim Lubavitch, appellant.

Fullerton Beck LLP, White Plains, NY (Edward J. Guardaro, Jr., and Joseph A. Sauer of counsel), for appellant.
Bell Law Group PLLC, Syosset, NY (Chaya Gourarie of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Central Yeshiva Tomchei Tmimim Lubavitch appeals from an order of the Supreme Court, Kings County (Sabrina B. Kraus, J.), dated November 3, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged negligent retention, supervision, and direction insofar as asserted against it and the second cause of action, alleging negligence, insofar as asserted against it.
ORDERED the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Central Yeshiva Tomchei Tmimim Lubavitch which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged negligent retention, supervision, and direction insofar as asserted against it and the second cause of action, alleging negligence, insofar as asserted against it are granted.
In November 2019, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, Central Yeshiva Tomchei Tmimim Lubavitch (hereinafter Central Yeshiva) and Educational Institute Oholei Torah (hereinafter Oholei Torah). The complaint alleged that in 1987 the plaintiff was a residential Yeshiva student at Oholei Torah when he was sexually molested and abused by nonparty Avrohom Charitonov, who was the plaintiff's teacher at Oholei Torah and a student at Central Yeshiva. The complaint alleged that Charitonov abused the plaintiff in Central Yeshiva's dormitory. The complaint asserted, among other things, causes of action alleging negligent hiring, retention, supervision, and direction (first cause of action) and negligence (second cause of action).
Thereafter, Central Yeshiva moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a claim. In an order dated November 3, 2023, the Supreme Court, inter alia, denied those branches of Central Yeshiva's motion which were to dismiss so much of the first cause of action as alleged negligent retention, supervision, and direction insofar as asserted against it and the second cause of action, alleging negligence, insofar as asserted against it. Central Yeshiva appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Rubin v Poly Prep Country Day Sch., 227 AD3d 741, 742). However, "allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Simkin v Blank, 19 NY3d 46, 52 [internal quotation marks omitted]; see Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810).
To prevail on a cause of action alleging negligence, a plaintiff must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages. For schools at the college level, such as Central Yeshiva, the doctrine of in loco parentis is generally inapplicable, and colleges "in general have no legal duty to shield their students from the dangerous activity of other students" (Eiseman v State of New York, 70 NY2d 175, 190; see Pasquaretto v Long Is. Univ., 106 AD3d 794, 795). However, as property owner or occupier, a school, even at the college level, may be held liable for injuries to another person on the property caused by the criminal activity of a third party if the school "knew or should have known from past experience that there was a likelihood of criminal conduct which would endanger the safety of such person" (Adiutori v Rabovsky Academy of Dance, 149 AD2d 637, 638; see Luina v Katharine Gibbs School N.Y., Inc., 37 AD3d 555, 556). "Lacking such notice, there is no duty on the part of the landowner to provide protective measures, as foreseeability of harm is the measure of a landowner's duty of care" (Adiutori v Rabovsky Academy of Dance, Inc., 149 AD2d at 638; see Basso v Miller, 40 NY2d 233, 241).
"An employer can be held liable under theories of negligent hiring, retention, and supervision where it is shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Belcastro v Roman Catholic Diocese of Brooklyn, N.Y., 213 AD3d 800, 800 [internal quotation marks omitted]; see Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). Causes of action alleging negligence based upon negligent hiring, retention, or supervision are not statutorily required to be pleaded with specificity (see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744, 745; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d at 162).
Here, the complaint failed to state causes of action alleging negligence and negligent retention, supervision, and direction against Central Yeshiva, as the complaint did not sufficiently plead that Central Yeshiva knew or should have known of Charitonov's propensity to commit the alleged wrongful acts and failed to provide any factual allegations from which it could be inferred that Central Yeshiva had prior notice of similar conduct at its dormitory (see Kessler v Yeshiva of Cent. Queens, 231 AD3d 1140, 1141-1142; Doe v Hauppauge Union Free Sch. Dist., 213 AD3d at 810-811). The complaint merely asserted bare legal conclusions that Central Yeshiva knew or should have known of Charitonov's propensity for improper conduct without providing any factual allegations that Charitonov's abuse of the plaintiff was foreseeable (see Well v Yeshiva Rambam, 300 AD2d 580, 581). Moreover, the plaintiff failed to adequately demonstrate any basis to allow him to conduct discovery prior to directing dismissal of those causes of action (see CPLR 3211[d]; Vasquez v Kennedy, 221 AD3d 936, 939).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted those branches of Central Yeshiva's motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged negligent retention, supervision, and direction insofar as asserted against it and the second cause of action, alleging negligence, insofar as asserted against it.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court