■ ELIZABETH REIDER et al., Respondents, v. WHITEBROOK REALTY CORP., Appellant.— In an action by a wife (Elizabeth Reider) and her husband, to recover damages for personal injury, loss of services and medical expenses, in which, the wife, as his administratrix succeeded to his right to recover on his cause of action for loss of services and medical expenses, the defendant appeals from a judgment of the Supreme Court, Westchester County, entered May 20, 1964 after trial, upon a jury's verdict awarding to the plaintiffs $15,000 damages upon the cause of action for personal injury and $5,000 damages upon the cause of action for loss of services etc. Judgment affirmed, with costs. The wife (hereafter referred to as "plaintiff") was injured by a fall upon an interior and darkened fire stairway in a multiple dwelling which the defendant corporation owned and controlled. The proof discloses substantially the following as to the happening of the accident: Plaintiff entered upon the stairway at the third floor level and, while descending the steps she encountered darkness five or six steps below that level at an intermediate landing, about half the distance from the third to the second floor, where two risers were indiscernible in the darkness. She proceeded by grasping the handrail "tighter," at the same time extending her foot and trying to feel her way. While thus engaged she fell. The force of the fall wrenched her hand from the rail. On the third floor level, a 15 or 25-watt overhead bulb served to illuminate the stairway; and on the second floor level a similar bulb was concededly extinguished at the time of plaintiff's injury. The parties were in dispute as to whether light from the third floor hallway passing through a glass panel in the stairway door illuminated the landing between the second and third floors. It was conceded that no light existed on the stairway between the second and third floors. The learned Trial Justice left to the jury, for determination as issues of fact, whether under the circumstances the defendant was negligent and the plaintiff contributorily negligent. The Judge, *inter alia,* charged the jury that the statute (Multiple Residence Law, § 109) fixed defendant's duty to provide adequate light. He further charged that in the event the jury found that the failure to provide adequate light was the proximate cause of the accident, then under the statutory duty which the defendant owed, the question of notice was immaterial. On this appeal defendant raises three contentions: (a) that the portions of the charge just referred to were erroneous; (b) that under the circumstances here, the plaintiff by proceeding to descend an inadequately lighted stairway was contributorily negligent as matter of law, and that in any event the finding, implicit in the jury's verdict, that the plaintiff was free from contributory negligence is against the weight of the credible evidence; and (c) that the amount of the jury's award on the cause of action for the loss of plaintiff's services and for medical expenses is excessive. In our opinion, these contentions are untenable: (a) Under the statute (Multiple Residence Law, § 109), it was the defendant's obligation to maintain adequate lighting for the stairway here involved; and, as we held on a prior appeal in this case, the defendant may be held liable for plaintiff's injuries (suffered as a consequence of the lack of illumination) notwithstanding that defendant may have had no notice that the light on the stairway had failed (*Reider* v. *Whitebrook Realty Corp.,* 19 A D 2d 633; see, also, *Abrash* v. *Long Is. Univ.,* 22 A D 2d 940; *Smulczeski* v. *City Center of Music & Drama,* 3 N Y 2d 498). (b) In a case where, as here, section 109 of the Multiple Residence Law fixes the defendant's duty to supply ade-

quate lighting, whether the plaintiff was contributorily negligent in proceeding in darkness may not be determined by the court as matter of law but only by the jury as an issue of fact (*Spencer* v. *Curry*, 13 A D 2d 969). The same conclusion has been reached with respect to another comparable statute (Multiple Dwelling Law, § 37) which imposes a similar duty to supply adequate lighting (*Ryan* v. *Laurence*, 22 A D 2d 699; *Kallus* v. *Wallach*, 19 A D 2d 842; *Silverman* v. *Ulrika Realty Corp.*, 239 App. Div. 194). We also believe that the jury's implicit finding upon this issue as to the plaintiff's contributory negligence is amply supported by the proof. (c) Plaintiff established that the sequelæ of her injuries endured for a period of eight years, up to the date of her husband's death, and that during this period she was either wholly or partially disabled and ailing. Under the circumstances, it may not be said that the jury's award of $5,000 for the loss of plaintiff's services during this eight-year period was excessive, even though the proof showed that the plaintiff was bedridden only for a period of three weeks. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.