■ RASHEEMA HENDRICKS, an Infant, by Her Mother and Natural Guardian, MARY NEBLETT, et al., Appellants, v JACOB KEMPLER, Also Known as 1970 REALTY Co., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered April 25, 1988, which, after a trial on the issue of liability, granted the defendant's motion to set aside the verdict and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff was assaulted in her family's apartment by a 13-year-old boy who lived in the neighborhood and attended school with her brother. She testified that she knew her assailant to be a friend of her brother, that she unlocked the door of her apartment, and that she allowed him to come inside the apartment for a glass of water. No proof was offered as to how he gained entry into the building. The plaintiffs commenced this action against the defendant owner of the building, alleging that he was negligent in failing to provide adequate security measures to restrict entry into the building. Following a trial, the jury found that both the infant plaintiff and the owner were negligent and apportioned their liability at 50% each. The trial court set aside the verdict and dismissed the complaint on the ground that the plaintiffs failed to establish a prima facie case. We agree.

A landlord's duty to take protective measures depends on whether he has reason to know from the prior history of criminal activities in the building that there is a likelihood of criminal conduct which would endanger the safety of his tenants (see, Miller v State of New York, 62 NY2d 506; Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Adiutori v Rabovsky Academy of Dance, 149 AD2d 637; Iannelli v Powers, 114 AD2d 157). The plaintiffs failed to present evidence of recurrent criminal activity that would have placed the defendant on notice that protective measures were required. Furthermore, even if the evidence had been sufficient to establish that the defendant breached a duty of care, the plaintiffs failed to establish that this breach was the proximate cause of the injuries to the infant plaintiff. The testimony of the plaintiffs' witnesses established that the infant plaintiff's assailant had friends living in the building. Without some proof as to the

manner in which he gained entry to the building, it was impermissible for the jury to infer that his presence in the building was attributable to the negligence of the defendant.

We find the plaintiffs' contention that the court's rulings prevented them from establishing a prima facie case to be without merit. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.