■ MILLICENT RODGERS, Respondent, v 673 FIRST AVENUE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent. BLUE CROSS/BLUE SHIELD OF GREATER NEW YORK, Third-Party Defendant-Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about September 19, 1988, which, *inter alia,* denied third-party defendant's motion for summary judgment dismissing the complaint of plaintiff and the third-party complaint of defendant, unanimously affirmed, without costs, and without prejudice to renewal after full discovery.

This action involves the alleged rape of plaintiff by an unknown assailant on premises owned by defendant. Plaintiff was an employee of third-party defendant, which leased the premises. Plaintiff commenced this action against defendant, which, in turn, impleaded third-party defendant on the basis of its exclusive control of the ninth floor, which was the location of the alleged rape.

While a landlord is not an insurer of the safety of a visitor to his premises, a landlord is "under a duty to take reasonable security measures to [prevent] the intentional criminal acts of others if he knows or should know that common areas upon his premises have been the scene of recurrent criminal activ-

ity". *(Gill v New York City Hous. Auth.,* 130 AD2d 256, 262.) It is not clear, based on the record, whether there is a history of criminal activity on these premises or whether defendant and third-party defendant had reason to know of such a history. In this context, we note that a witness who is a former employee of the defendant has yet to be deposed. In addition, there is a contract, not yet produced, between defendant and a construction company concerning the fire exits and alarms of the building, which may demonstrate that defendant assumed a duty to keep the ninth floor secure from intruders.

Under circumstances such as these, where material issues of fact have yet to be resolved, summary judgment is inappropriate at this juncture *(Rotuba Extruders v Ceppos,* 46 NY2d 223) and is accordingly denied without prejudice to renew after full discovery. Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.