■ Mary A. Provenzano, Respondent, v Roslyn Gardens Tenants Corp. et al., Appellants, et al., Defendants.—In an action, inter alia, to recover damages for personal injuries, the defendants Roslyn Gardens Tenants Corp., B.J. Gottesman Company, Inc., Jerome Z. Lorber and Ruth F. Lorber, individually and doing business as a partnership known as Juleah Co., separately appeal from so much of an order of the Supreme Court, Nassau County (Christ, J.), entered December 14, 1990, as denied their respective motions for summary

judgment dismissing the complaint insofar as asserted against them, and the cross claims against B.J. Gottesman, Company, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motions are granted, the complaint is dismissed insofar as it is asserted against the appellants, the cross claims against B.J. Gottesman Company, Inc., are dismissed, and the action against the remaining defendants is severed.

In November 1986 the plaintiff was raped and sodomized in the laundry room of the cooperative garden apartment development in which she lived. The assailant, a house guest of an employee of the sales agent B.J. Gottesman Company, Inc., was convicted of the rape. The plaintiff commenced this action to recover damages for personal injuries against the tenants' corporation, the sales agent, the partnership that originally developed the garden apartments, and its individual partners, alleging, *inter alia,* that negligent maintenance of the premises contributed to the rape and, further, that the sales agent was liable in respondeat superior for the negligence of its employee in entertaining the rapist as a house guest.

We agree with the contention of B.J. Gottesman Company, Inc. (hereinafter Gottesman) that it was entitled to summary judgment since the evidence submitted by it clearly shows that it was merely a sales agent and that its responsibilities did not include the management or maintenance of the premises. In opposition to Gottesman's evidentiary showing, the plaintiff submitted only her affidavit stating that she believed that Gottesman had been the managing agent, with no other evidentiary support. It is well settled that "[s]urmise or suspicion not founded on evidentiary fact should not bar relief" to a defendant who has established its entitlement to summary judgment in its favor *(Blake v Guardino,* 35 AD2d 1022, 1023). Nor is there any allegation by the plaintiff that the sales agent's literature negligently misrepresented the security-related conditions at the development. Moreover, summary judgment has already been granted to the sales agent's employee dismissing the complaint insofar as it is asserted against him on the ground that he neither knew nor should have known of his house guest's violent proclivities. Therefore, there was no employee negligence for which Gottesman may be held vicariously liable.

The partnership Juleah Co. and Jerome Z. and Ruth E. Lorber, its partners, are entitled to summary judgment in their favor since they submitted uncontroverted evidence that

they had conveyed the property to the Roslyn Gardens Tenants Corp. more than two years before the rape took place and had, therefore, played no role in the management of the cooperative.

We further find that the defendant Roslyn Gardens Tenants Corp. is also entitled to summary judgment in its favor. A person who possesses realty, either as an owner or as a tenant, is under a duty to exercise reasonable care under the circumstances to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons *(see, Iannelli v Powers,* 114 AD2d 157, 161). The duty to take minimal protective measures arises when it can be shown that the possessor of the property "either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' " *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, quoting Restatement [Second] of Torts, § 344, comment *f*). The plaintiff failed to submit any evidence of any criminal activity that would have placed the defendant Roslyn Gardens Tenants Corp. on notice that protective measures were required *(see, Hendricks v Kempler,* 156 AD2d 425; *Tarter v Schildkraut,* 151 AD2d 414, 415; *Adiutori v Rabovsky Academy of Dance,* 149 AD2d 637, 638).

The letter attached to the plaintiff's brief from the Nassau County Police Department indicating criminal activity in the surrounding neighborhood is dehors the record and may not be considered on appeal *(see, Broida v Bancroft,* 103 AD2d 88, 91).* In any case, it would still fall short of establishing notice on the part of Roslyn Gardens Tenants Corp. *(see, Rodriguez v Mohr,* 174 AD2d 382; *Camacho v Edelman,* 176 AD2d 453; *Jacqueline S. v City of New York,* 182 AD2d 514). Moreover, even if there were locks on the laundry room door, it is only logical that the assailant, being a house guest of someone living in the cooperative apartment development, would have had access to the laundry room in any event *(see, e.g., Hendricks v Kempler, supra; Tarter v Schildkraut, supra).* Bracken, J. P., Balletta, Ritter and Copertino, JJ., concur.