■ JEFFREY P. VANGELI, Appellant, v DAVID SCHNEIDER, Defendant, and CORNELL UNIVERSITY, Respondent. [598 NYS2d 837] —Crew III, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered March 6, 1992 in Tompkins County, which granted defendant Cornell University's motion for summary judgment dismissing the complaint against it.

During the summer of 1989, plaintiff was employed by defendant Cornell University in a maintenance capacity and, in connection therewith, was provided with the use of a campus dormitory room. On the evening of July 26, 1989, plaintiff attended a concert with Tammy Haskins, who was apparently the former girlfriend of defendant David Schneider. Following the concert, plaintiff and Haskins returned to his dormitory room. Schneider thereafter discovered Haskins' vehicle parked outside plaintiff's dormitory and, after removing certain wires and cables from the vehicle's engine, entered the dormitory via a locked steel fire gate door as other people were exiting the building. Schneider then walked upstairs to the second floor, where plaintiff's room was located, and knocked on plaintiff's door; receiving no answer, Schneider left the building.[1]

Sometime later, Schneider returned to the dormitory and, finding the exterior fire gate door locked, scaled the steel grating covering the fire escape stairwell (approximately 2½ to 3 stories high) until he was able to climb over the grating into the exterior stairwell. It appears that Schneider then searched until he found an unlocked fire door, entered the building and returned to plaintiff's room. Schneider again knocked on the door and, when he did not receive an answer,

---

1. Cornell concedes that the second floor fire door leading to the interior of the building was unlocked at this point.

broke down the door, entered the room and assaulted plaintiff.[2]

Plaintiff thereafter commenced separate actions against Schneider and Cornell, alleging that the latter failed to provide adequate security and/or keep its premises in proper repair. The actions were subsequently consolidated and, following service of a supplementary answer, Cornell moved for summary judgment dismissing the complaint against it. Supreme Court granted Cornell's motion, finding that Cornell fulfilled its duty to provide minimal security measures to protect plaintiff from foreseeable criminal intrusion. Plaintiff now appeals.

There must be an affirmance. In order to establish a prima facie case of negligence against Cornell, plaintiff had to demonstrate that (1) Cornell owed him a duty, (2) Cornell breached that duty, and (3) plaintiff suffered injuries as a result of that breach (see generally, Iannelli v Powers, 114 AD2d 157, 161, lv denied 68 NY2d 604). To that end, it is well settled that "[a] [party] who possesses realty, either as an owner or as a tenant, is under a duty to exercise reasonable care under the circumstances to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons" (Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718, 720; see, Miller v State of New York, 62 NY2d 506, 513; Newell v Swiss Reassurance Co., 181 AD2d 505, 506; Tarter v Schildkraut, 151 AD2d 414, 415, lv denied 74 NY2d 616; Iannelli v Powers, supra). This duty to employ minimal protective measures arises when the possessor of the property has actual or constructive knowledge of prior criminal activity on the premises (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519; Provenzano v Roslyn Gardens Tenants Corp., supra, at 720; Rodgers v 673 First Ave. Assocs., 157 AD2d 615, 615-616; Hendricks v Kempler, 156 AD2d 425, lv denied 77 NY2d 808; Gill v New York City Hous. Auth., 130 AD2d 256, 262; Iannelli v Powers, supra).

In opposition to Cornell's motion for summary judgment, plaintiff submitted data indicating the number of reported

2. The interior door to plaintiff's room was a solid wood door and was equipped with a deadbolt lock, which was engaged at the time Schneider entered the room. The record and photographs provided to the court indicate that Schneider hit the door with sufficient force to splinter the door, bend the lock and move the door frame one quarter to one half of an inch.

crimes on campus for the five-year period preceding the assault on plaintiff and the number of reported burglaries in the area in which plaintiff's dormitory was located, and we are of the view that this proof is sufficient to establish the existence of a duty on the part of Cornell to provide minimal security measures (see, e.g., Jacqueline S. v City of New York, 81 NY2d 288). The record further indicates, however, that Cornell fulfilled its duty to plaintiff in this regard. Although Schneider initially entered the building via the exterior fire gate door as other people were exiting, it is undisputed that upon his return trip, Schneider found the exterior fire gate door to be locked and was only able to enter the dormitory by scaling some 2½ stories of exterior metal grating, at which point he climbed over the grating and accessed an exterior stairwell. Additionally, while Schneider apparently then entered the building's interior through an unlocked or open fire door, Schneider still had to overcome the solid wood door to plaintiff's room which, by all indications, was equipped with a working deadbolt lock. Cornell was only required to provide reasonable security measures (see, Tarter v Schildkraut, 151 AD2d 414, 415, supra), and we are of the view that by placing two locked doors between plaintiff and Schneider, one of which Schneider was able to circumvent only by extraordinary and unforeseeable means, Cornell met and discharged its duty to plaintiff. Accordingly, Cornell's motion for summary judgment dismissing the complaint against it was properly granted. We have examined plaintiff's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.