█ MARILYN KARP et al., Respondents, v SAKS FIFTH AVENUE, Appellant. [639 NYS2d 575] —Peters, J.

---

On March 9, 1991, plaintiff Marilyn Karp parked her car in the parking lot of defendant's store on Maple Avenue in the City of White Plains, Westchester County. She thereafter entered the store to shop. Upon her return and entry into her car, two men opened her car doors and began to verbally threaten and physically abuse her. She was forced into the rear of the car and was driven out of the parking lot. The men robbed her of various items, including her car, and eventually ejected her onto the side of a highway. On the date of this incident, there was no security patrol of the customer parking areas by defendant yet the City of White Plains Police Department did regularly patrol the parking area.

Karp and her husband, derivatively, commenced an action in negligence against defendant alleging that it failed to take sufficient security measures in the customer parking lots, thereby breaching a duty to Karp. Plaintiffs further alleged that such breach was the proximate cause of their injuries. Subsequent to the completion of discovery, defendant moved for summary judgment contending that there was no history of similar criminal conduct at or near its premises and that even had there been, they were never made aware of it.

In opposing defendant's motion, plaintiffs relied upon the exhibits appended to defendant's own motion papers, consisting of an internal report detailing a theft in 1989 where a car radio was taken from an unoccupied car in its parking lot. Defendant further included reports of minor incidents taking place during the preceding 20 months detailing vandalism and/or theft of property in such areas. No incidents of personal threats, assaults or robberies were noted, and deposition transcripts of members of the White Plains Police Department reveal that they never advised defendant of any investigations of criminal activity at or near its premises. Plaintiffs additionally provided Supreme Court with computer printouts of police incident reports noting crimes against personal property during the same period at commercial locations "just minutes away" from defendant. Finding a triable issue of fact as to whether defendant breached its duty to take minimal precautions to protect plaintiff, whether defendant could have reasonably foreseen the incident and whether the defendant's negligence, if any, was the proximate cause of the injury, the motion was denied.

We reverse. There is no evidence that defendant was aware

of repeated incidents of crimes against either persons or property in its parking area (*cf., Jacqueline S. v City of New York,* 81 NY2d 288; *Miller v State of New York,* 62 NY2d 506). As noted in *Provenzano v Roslyn Gardens Tenants Corp.* (190 AD2d 718), "[t]he duty to take minimal protective measures arises when it can be shown that the possessor of the property 'either knows or has reason to know from past experience "that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor" ' " (*supra,* at 720, quoting *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, quoting Restatement [Second] of Torts § 344, comment *f; see, Camacho v Edelman,* 176 AD2d 453; *Hendricks v Kempler,* 156 AD2d 425, *lv denied* 77 NY2d 808; *Tarter v Schildkraut,* 151 AD2d 414, *lv denied* 74 NY2d 616; *Adiutori v Rabovsky Academy,* 149 AD2d 637).

In order to establish foreseeability, one need not show that the criminal conduct is of the same type (*see, Rodriguez v Oak Point Mgt.,* 205 AD2d 224, 228, *revd on other grounds* 87 NY2d 931) or that such criminal activity actually occurred in the specific location where the attack took place (*see, Jacqueline S. v City of New York, supra*). However, the record here reflects that defendant had no prior notice of any criminal activity which could have caused it to foresee the injury suffered by Karp (*Newell v Swiss Reassurance Co.,* 210 AD2d 83; *Grignoli v New York City Hous. Auth.,* 196 AD2d 525). Mindful that the determination of "[w]hat safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8), defendant can only be required to take safety precautions if a duty to protect can be determined to have arisen as a result of actual or constructive knowledge of prior criminal activity on the premises (*supra,* at 518). While defendant may be obligated to be aware of the vandalism occurring in their parking lot, plaintiff has wholly failed to show any foreseeability of the type of criminal activity suffered here (*see, Danielenko v Kinney Rent A Car,* 57 NY2d 198). Finding the proof insufficient to establish the existence of a duty upon defendant, we find that Supreme Court should have granted defendant's motion for summary judgment.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.