■ SHEILA POLOMIE et al., Respondents, v GOLUB CORPORATION et al., Appellants. [640 NYS2d 700] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered March 2, 1995 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 5, 1995 in Schenectady County, which, upon renewal, adhered to its prior decision.

This is a personal injury action in which plaintiff Sheila Polomie (hereinafter plaintiff) alleges that shortly after 6:00 A.M. on August 18, 1988, she was abducted from a parking lot, taken to a secluded area, robbed and sexually assaulted. The lot is owned by defendant Golub Corporation and located adjacent to one of its supermarkets. Plaintiff seeks to hold defendants liable on the grounds that they negligently failed to provide adequate security and were guilty of creating and/or maintaining a nuisance in the parking lot.

Following discovery, defendants moved for summary judgment arguing that the incident was an unforeseeable extraordinary occurrence absolving them of liability. Supreme Court denied the motion and, upon renewal, adhered to its original decision. Defendants appeal.

It is true that an owner of realty has a duty to maintain its property in a safe condition which includes undertaking minimal precautions to protect the public from reasonably foreseeable criminal acts of third persons (*see, Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718, 720). Nevertheless, an owner is not an insurer of the public's safety (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519). In this case, the question is whether defendants knew or should have known from past experience that there was a likelihood of customers being assaulted in the parking lot (*see, Smith v Fishkill Health-Related Ctr.*, 184 AD2d 963). In support of their motion for summary judgment, defendants submitted evidence showing that they had no actual notice of any prior criminal incidents. Supreme Court found this evidence sufficient to establish a lack of actual notice. However, the court, relying on certain police reports, found that defendants had not satisfied their burden with respect to the question of constructive notice. We disagree. In our view, the police reports were insufficient to raise a question of fact as to whether defendants should have known that a criminal incident of the type that occurred was a "significant, foreseeable possibility" (*Nallan v Helmsley-Spear, Inc., supra*, at 520). While there is no requirement that the past experience relied on to establish foreseeability "be of the same type of criminal conduct to which plaintiff was subjected" (*Jacqueline S. v City of New York*, 81 NY2d 288, 294), inquiry must still be made as to the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question (*supra*, at 295). The evidence of the prior incidents in this case was not sufficient to raise a question of fact as to foreseeability. The prior episodes involved complaints of solicitation, a person

sleeping in a car in the parking lot, harassment of an employee who refused to sell beer to certain customers, an unverified claim of a shotgun in a car in the parking lot and a fistfight between an employee and an acquaintance. The cited events simply do not bear a sufficient relationship to the incident at issue such that it could be said that defendants should have known of the likelihood of its occurrence (*see, Karp v Saks Fifth Ave.*, 225 AD2d 1014; *Smith v Fishkill Health-Related Ctr.*, *supra*).

As a final matter, plaintiff has not sufficiently raised a triable issue of fact with respect to her claim of nuisance.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the orders are reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.