■ GRACE BARKSDALE, Individually and as Parent and Natural Guardian of GENELLE BARKSDALE, an Infant, et al., Respondents, v DANIEL HENRY, Appellant. (And a Third-Party Action.) [644 NYS2d 591] —Peters, J.

At approximately 11:45 P.M. on May 30, 1992, Genelle Barksdale was visiting with her grandmother, plaintiff Jeanette Green, in her second-floor apartment located in a residential three-floor walk-up in the City of Mount Vernon, Westchester County. While asleep on the couch in the living room, Genelle was shot in the leg by a bullet fired from the third-floor apartment which was rented to Christine Gaynor. Third-party defendant, Derek A. Scott, who was visiting with Gaynor at the time, claimed that the bullet was fired accidentally from his handgun. Scott was arrested in connection with the shooting and pleaded guilty to criminal possession of a weapon in the third degree.

On or about November 21, 1992, plaintiffs commenced this action against defendant landlord and owner of the building, alleging a violation of the Multiple Residence Law, nuisance, gross negligence and breach of the implied warranties of habitability and quiet enjoyment.

After issue was joined and a third-party action was commenced against Scott, defendant moved for summary judgment. Upon review of the deposition transcripts of Genelle, Green and defendant, countered by the affidavit of Green which included cross-references to various parts of these deposition transcripts, Supreme Court dismissed the first cause of action based upon a violation of the Multiple Residence Law yet

denied the remainder of the motion for summary judgment. Defendant now appeals.

It is axiomatic that in order to establish a prima facie case of negligence, plaintiff was required to establish that defendant, as landlord, owed a duty to plaintiffs and that defendant breached that duty, causing Genelle, Green's lawful guest, to suffer injuries as a result (see generally, Vangeli v Schneider, 194 AD2d 916). The duty owed by an owner of realty has been defined as an obligation " 'to exercise reasonable care under the circumstances to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons' " (supra, at 917, quoting Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718, 720; see, Miller v State of New York, 62 NY2d 506; Nallan v Helmsley-Spear, Inc., 50 NY2d 507). Even when criminal conduct has occurred on the premises, this duty to undertake minimal protective measures arises only when the owner or possessor of the property "either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' " (Nallan v Helmsley-Spear, Inc., supra, at 519, quoting Restatement [Second] of Torts § 344, comment f; see, Iannelli v Powers, 114 AD2d 157, lv denied 68 NY2d 604).

Here, other than one reported burglary in 1983, there was no evidence establishing the existence of any reported or unreported criminal activity on these premises. Further, save the complaints of noise and late-night guests registered by Green to defendant about Gaynor, there was no evidence supporting Green's allegations that numerous tenants either registered such complaints to defendant or believed, as did Green, that Gaynor was engaged in prostitution. In noting that the entrance to the building was equipped with a locking system and that the injuries to Genelle occurred as a result of the acts of an invited visitor to Gaynor's apartment, we find nothing in the record which would have put defendant on notice that Genelle's injuries were readily foreseeable, thus triggering his duty to take minimal security measures.

We further find that despite Scott's extensive criminal background, there was no evidence of any disturbance by Scott at this building for the approximate eight months that he testified he was visiting with Gaynor. Accordingly, in view of plaintiffs' failure to come forward with admissible evidence raising a material issue of fact (see, Zuckerman v City of New

*York*, 49 NY2d 557, 562), we find that Supreme Court should have granted summary judgment to defendant.*

Having further found no evidence to support Green's allegations that there were illegal acts occurring in Gaynor's apartment which were condoned by defendant or that her rendition of the disturbances caused by Gaynor, with defendant's lack of attention thereto, caused her to prematurely vacate her apartment, we must dismiss the remaining causes of action premised on the breach of warranty of habitability.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied the motion; motion granted to that extent, summary judgment awarded to defendant and remaining claims dismissed; and, as so modified, affirmed.

* To the extent that plaintiffs claim that the first and second causes of action are for negligence, not nuisance or a violation of the Multiple Residence Law, such claims must be dismissed based upon our determination.