■ HENRY ARTHUR, Appellant, v CITY OF YONKERS et al., Respondents. [655 NYS2d 978] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated February 7, 1996, as denied that branch of his motion which was to vacate an order of the same court, dated December 18, 1995, dismissing the complaint based upon his default in appearing at a final certification conference, and (2) from an order of the same court, dated May 14, 1996, which denied his motion, in effect, for reargument.

Ordered that the appeal from the order dated May 14, 1996, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated February 7, 1996, is affirmed insofar as appealed from, without costs or disbursements.

More than four years after the commencement of the action, the court dismissed the plaintiff's complaint when he failed to appear at a final certification conference (see, 22 NYCRR 202.27 [b]). The plaintiff moved to vacate that order, asserting that his failure to appear was due to excusable law office failure (see, CPLR 2005). The court denied the motion. We affirm.

"A court will vacate such a default upon a showing of a meritorious cause of action, a justifiable excuse for the default and absence of willfulness" (Brown v Ryder Truck Rental, 172 AD2d 477). On his motion to vacate the order dismissing his complaint in the instant action, the plaintiff failed to establish that he has a meritorious cause of action against the defendants (Brown v Ryder Truck Rental, supra; Provenzano v Roslyn Gardens Tenants Corp., 190 AD2d 718), as he "wholly failed to show any foreseeability of the type of criminal activity suffered here" (Karp v Saks Fifth Ave., 225 AD2d 1014, 1016). The court, therefore, properly denied the motion to vacate.

Finally, we note that the plaintiff offered no valid excuse for failing to submit, on his original motion to vacate, the additional facts upon which his motion denominated as one to reargue and renew was based. Therefore, the second motion was actually one for reargument, the denial of which is not appealable (see, Misek-Falkoff v Village of Pleasantville, 207 AD2d 332, 333; Chiarella v Quitoni, 178 AD2d 502). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.