■ DELIA MARTINEZ, Individually and as Mother and Natural Guardian of JULIO MILLAN, JR., an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [655 NYS2d 523] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered July 2, 1996, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion is granted and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant, dismissing the complaint.

On July 10, 1991, plaintiffs Delia Martinez and her 14-year-old son Julio were in their apartment at the Metro North Houses, owned by defendant New York City Housing Authority, when they heard several gunshots. When the shots ceased, Martinez realized Julio had been shot in the head by a bullet that had entered through the open bedroom window. A police investigation revealed that the shots were fired from a vacant lot directly across the street, owned by the City of New York, which is not a party to this action. According to Martinez, the lot was a haven for consistent drug activity and gunshots, resulting in numerous police searches and arrests. The shooter was apprehended and charged in the incident.

Defendant's motion for summary judgment should have been granted. Defendant Housing Authority had no duty to protect the infant plaintiff from criminal acts of third parties committed on neighboring premises (*Rodriguez v Oak Point Mgt.*, 87 NY2d 931, 932; *Muniz v Flohern, Inc.*, 77 NY2d 869), notwithstanding the fact that the criminal act resulted in injuries on defendant's property. Unlike *Rubino v City of New York* (114 AD2d 243), upon which the IAS Court relied, there was no evidence here that the ongoing activities in the neighboring lot posed a risk of danger to the building's tenants sufficient to create a duty on the defendant, as the building owner, to take precautions to protect its tenants from the results of those criminal acts (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507). Moreover, the fact that no precautionary measures are apparent that defendant could have undertaken on its *own* property to prevent these injuries simply reinforces the conclusion that the shooting was an act of violence beyond defendant's control (*see, Leyva v Riverbay Corp.*, 206 AD2d 150; *Johnson v Slocum Realty Corp.*, 191 AD2d 613). Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.