■ Mary A. ZZ., Individually and as Parent and Guardian of Kimberly ZZ., an Infant, Appellant, v Michael Blasen, Defendant, and Rona J. Caswell et al., Respondents. [726 NYS2d 767] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 31, 2000 in Albany County, which granted the motions of defendants Rona Jean Caswell and Janice V. Libertucci for summary judgment dismissing the complaint against them.

On the evening of June 22-23, 1996, 13-year-old Kimberly ZZ. was babysitting with the teenage daughter of defendant Janice V. Libertucci at the home of defendant Rona Jean Caswell, when she was sexually assaulted by defendant Michael Blasen. Kimberly had planned to spend the night at the Libertucci home which was located across the street from the Caswell home. That evening, about midnight, Blasen and two other boys appeared at the Caswell home. While the others remained outside with Libertucci's daughter, Blasen went into the Caswell home where Kimberly was watching the children and, at some point within the next hour, sexually assaulted Kimberly. Libertucci failed to check on the girls from the time they started babysitting at approximately 10:00 P.M. until the time of the assault on Kimberly.

Plaintiff, Kimberly's mother, commenced this action against Blasen, Libertucci and Caswell, alleging, *inter alia*, that Libertucci failed to properly supervise and watch over Kimberly, failed to control access to the girls while they were babysitting and failed to instruct the girls regarding proper precautions while babysitting.[1] The complaint charged that Caswell, *inter alia*, failed to provide a safe environment for babysitting, failed to prevent Blasen from coming onto her property and permitted a dangerous condition or situation to exist at her home.

Caswell and Libertucci each moved for dismissal of the complaint or, alternatively, for summary judgment. They each claimed that Blasen's criminal act was an unforeseeable, intervening, superseding event and that plaintiff failed to show that either defendant had notice of any dangerous condition which led to Kimberly's injuries. In an affidavit in opposition to the motions, plaintiff averred that she permitted Kimberly to stay overnight at the Libertucci's home and babysit at the Caswell's home only after being assured by Libertucci that she would keep an eye on the girls at the Caswell residence while they babysat. Supreme Court granted both motions for summary judgment, finding that plaintiff presented no evidence demonstrating that either movant was aware of any danger to Kimberly and that Blasen's criminal act was the superseding cause of her injuries. Plaintiff appeals. We affirm Supreme Court's order as it pertains to Caswell, but reach a different result as to Libertucci.

Turning first to plaintiff's challenge to the grant of summary judgment to Caswell, we note that to establish a prima facie case of negligence against this defendant, plaintiff had to demonstrate that Caswell owed a duty to Kimberly, that this duty was breached and that Kimberly was injured as a result (*see, Barksdale v Henry*, 228 AD2d 947, 948; *Vangeli v Schneider*, 194 AD2d 916, 917). Caswell's duty as the property owner is "to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons" (*Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718, 720). However, the record is devoid of any showing that Caswell had or should have had notice of possible criminal activity on her property and, as Caswell is not an insurer of the safety of a visitor to her property (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519), the lack of such proof is fatal to

---

1. These allegations are gleaned from plaintiff's bill of particulars, as the portion of plaintiff's complaint containing her substantive allegations against Libertucci was not included in the record.

plaintiff's claim against Caswell (*see, e.g., Polomie v Golub Corp.*, 226 AD2d 979, 980).

Plaintiff's claim against Libertucci does not suffer the same malady. Plaintiff's uncontroverted affidavit established that she spoke to Libertucci that day[2] and was assured by her "that she would keep an eye on the girls at the Caswell residence while they babysat." A person not a parent who undertakes a duty to care for or supervise a child is required to use reasonable care to protect the child from harm and may be liable for injury proximately caused by his or her negligence in doing so (*see, Adolph E. v Lori M.*, 166 AD2d 906, 906-907; *see also, Zalak v Carroll*, 15 NY2d 753, 754), particularly since the standard of care owed a child is higher than that required for an adult (*see, Willis v Young Men's Christian Assn.*, 28 NY2d 375, 379; *Gloria X. v Gibbs*, 241 AD2d 579, 580). Given the lateness of the hour, the ages of the girls, the length of time two of the boys remained visible outside the Caswell home with Libertucci's daughter and Libertucci's failure to check on the girls from 10:00 P.M. up to the time of the assault, coupled with Libertucci's voluntary assumption of a duty to "keep an eye on the girls" (*see, e.g., Thrane v Haney*, 264 AD2d 926, 927), we find an issue of fact (*see generally, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395) exists as to the reasonableness of Libertucci's actions despite her claim of an intervening, superseding cause for Kimberly's injuries.

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Janice V. Libertucci for summary judgment; said motion denied; and, as so modified, affirmed.

2. Plaintiff never spoke to Caswell.