Spain, J.
Appeal from an order of the Supreme Court (Giardino, J.), entered January 2, 2008 in Fulton County, which, among other things, denied defendant’s motion for summary judgment dismissing the complaint.
In this personal injury action, plaintiff Ralph L. Savage (hereinafter plaintiff) sustained injuries when he fell while walking down an interior stairwell located in the common area of a three-unit apartment building owned by defendant. Plaintiff and his wife, derivatively, allege that his injuries were caused by defendant’s breach of a duty owed to plaintiff to maintain the building in a reasonably safe condition, specifically, defendant’s failure to provide proper stairwell lighting. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion and cross-moved for partial summary judgment as to liability. Supreme Court denied both motions finding that defendant had a duty to maintain his property in a reasonably safe condition, which included making some provision for the illumination of the stairwell, but that a question of fact remained as to whether defendant had fulfilled his duty. On defendant’s appeal, we now modify by reversing the denial of defendant’s motion.
To prevail on summary judgment, defendant must establish *1014 that plaintiffs failed to make out a prima facie case (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Barksdale v Henry, 228 AD2d 947, 948 [1996]). To make out a prima facie case of property owner negligence, plaintiffs must show that defendant owner owed a duty to plaintiff, defendant breached such duty, and plaintiffs injuries resulted from defendant’s breach (see Barksdale v Henry, 228 AD2d at 948).
It is well settled that an owner has a duty to maintain his or her property in a reasonably safe condition (see Peralta v Henriquez, 100 NY2d 139, 144 [2003]; Miller v Consolidated Rail Corp., 41 AD3d 948, 950 [2007], affd 9 NY3d 973 [2007]). This duty has been held to require an owner to provide and maintain lighting in common interior stairwells (see Viera v Riverbay Corp., 44 AD3d 577, 579 [2007]; Tarrazi v 2025 Richmond Ave. Assoc., 296 AD2d 542, 544 [2002]).
On this record, we conclude that defendant met his initial burden by demonstrating that the facts, as alleged by plaintiff, are insufficient to establish that defendant breached his duty of reasonable care owed to plaintiff. It is undisputed that on the evening of November 22, 2005, plaintiff, while working as a pizza delivery person, delivered a pizza to a second floor tenant in this apartment building. Defendant and his wife reside on the first floor of the building, and the second floor is divided into two residential units. Upon entering, plaintiff proceeded up the interior common stairwell which, at that time, was illuminated by light emanating from the tenant’s open apartment door. Although there are windows in the double glass doors of the entrance to the building and a large window on a stairwell landing, the pizza delivery occurred after dark. After completing the transaction, plaintiff turned and made his way down the stairs. As plaintiff reached the lower landing of the stairwell, the tenant closed his apartment door, extinguishing all light in the stairwell. In the resulting darkness, plaintiff failed to properly navigate the remaining length of the landing and the two steps that followed, causing him to fall and sustain injuries.
It is uncontroverted that defendant provided working light fixtures in the stairwell. Specifically, on the first floor, there is a ceiling chandelier equipped with five light bulbs and, on the second floor, there is a wall sconce. Within the stairwell, there are light switches at the top and bottom of the stairs.[1] Defendant testified that he left the responsibility for turning the stairwell lights on and off to the tenants, who resided in separate apartments on the second floor, on an as-needed basis.
*1015 We are unpersuaded by plaintiffs’ contention that the provision here of working light fixtures in the stairwell that could be used on an as-needed basis—rather than the provision of continuous stairwell lighting during all hours of darkness— constituted a breach of defendant’s duty of reasonable care. No evidence exists in this record that defendant ever received any complaints regarding the stairwell lighting; in fact, since defendant’s purchase of the property in 2003, the City of Gloversville has conducted annual inspections of the building and issued certificates of occupancy thereafter. Nor was evidence submitted that defendant had knowledge of any prior accidents resulting from the stairwell lighting.
Under these facts, to extend the common-law duty of the property owner above and beyond providing access to working light fixtures in the stairwell—by imposing a requirement that owners provide continuous stairwell lighting during all hours of darkness—would place a new and an undue burden on owners. Such an expanded duty rule would exceed the prevailing general requirement that property owners maintain their buildings in a reasonably safe condition. Indeed, the Court of Appeals has refused to impose a “generalized one-size-fits-all” duty of care requiring owners to light their property during all hours of darkness, in recognition of the fact that the financial and environmental burdens of such a duty would outweigh any social benefit; the Court also reasoned that “finding [that] a failure to illuminate alone create [s] a dangerous condition would produce an indeterminate class of plaintiffs without any reasonable limitations on liability” (Peralta v Henriquez, 100 NY2d at 145). Furthermore, when determining whether a property owner has breached his or her duty of reasonable care, “courts must be mindful of the future effects their ruling will have and must limit the legal consequences of wrongs to a controllable degree” (id. at 144-145 [internal quotation marks and citation omitted]).
Finally, plaintiffs argue in their brief for the first time in this litigation that this Court should find that defendant violated Multiple Residence Law § 109 by failing to provide adequate lighting in public areas. The failure to raise this issue before Supreme Court, however, precludes appellate review (see Bender v Peerless Ins. Co., 36 AD3d 1120, 1121 [2007]; Soich v Farone, 307 AD2d 658, 660 [2003]).[2]
Therefore, as a matter of law, we find that defendant fulfilled *1016 his duty owed to plaintiff (see Miller v Consolidated Rail Corp., 41 AD3d at 952; Christoforou v Lown, 120 AD2d 387, 391 [1986]). As such, defendant’s motion should have been granted.
Cardona, RJ., Rose, Malone Jr. and Stein, JJ, concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant’s motion; said motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.

. Notably, plaintiff concedes in his deposition that he never looked for a light switch when he entered the building.

. Even assuming that this issue were properly before this Court, plaintiffs did not demonstrate the applicability of this provision. Multiple Residence Law § 100 states that “[a]ll the provisions of this article shall apply to every multiple dwelling of permanent or transient occupancy erected on or after *1016 July first, nineteen hundred fifty-two.” Accordingly, while Municipal Residence Law § 109 requires a property owner to provide continuous lighting in public areas, including an interior stairwell in the common area of a multiunit residential apartment building (see Reider v Whitebrook Realty Corp., 23 AD2d 691, 691 [1965]), no evidence in the record indicates that this statute is applicable to defendant’s Victorian-style building.