*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    518042
_____

DOUGLAS E. MILTON SR.,
                    Appellant,
         v                                    MEMORANDUM AND ORDER

I.B.P.O.E. OF THE WORLD FOREST
   CITY LODGE, #180,
                    Respondent.
_____


Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

                    _____


        Guttman & Wallace, Ithaca (Elizabeth A. Reiter of counsel),
for appellant.

        Levene, Gouldin & Thompson, LLP, Binghamton (Maria E. Lisi-
Murray of counsel), for respondent.

                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered October 31, 2012 in Tompkins County, which granted
defendant's motion for summary judgment dismissing the complaint.

        Defendant is a fraternal organization that owns a lodge
building which contains a social room with a bar.  One morning at
approximately 1:30 a.m., plaintiff exited the main entrance of
defendant's lodge after drinking approximately 12 beers over the
preceding 2½ hours.  At that time, plaintiff had been a member of
defendant's lodge for approximately 14 years and its secretary
for 12 years.  As he walked down the entrance stairs to the
lodge, headed to his home, he saw a person on the sidewalk.  As
plaintiff reached the final step, the individual quickly opened a

knife and slashed plaintiff's hand.  As plaintiff tried to move past his attacker, the individual cut him in the chest and, as plaintiff tried to run away, he felt his attacker stabbing him in the back.  The attacker then fled and was never apprehended.

Plaintiff commenced this action seeking damages for injuries he sustained during the assault, alleging that defendant was negligent in failing to provide adequate security and lighting.  Defendant moved for summary judgment.  Supreme Court granted that motion, dismissing the complaint.  Plaintiff appeals.

Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.  Landowners have a duty of reasonable care to maintain their property in a safe condition; although they "have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not the insurers of a visitor's safety" (Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; see Haire v Bonelli, 107 AD3d 1204, 1204-1205 [2013], lv denied 22 NY3d 852 [2013]; Barksdale v Henry, 228 AD2d 947, 948 [1996]; Polomie v Golub Corp., 226 AD2d 979, 980 [1996]).  Notably, "even where there is an extensive history of criminal conduct on the premises, the landowner cannot be held to a duty to take protective measures unless it is shown that he or she either knows or has reason to know from past experience that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of the visitor" (Haire v Bonelli, 107 AD3d at 1205 [internal quotation marks, ellipses, brackets and citations omitted]; see Crowningshield v Proctor, 31 AD3d 1001, 1002 [2006]; Karp v Saks Fifth Ave., 225 AD2d 1014, 1016 [1996]).  "The scope of the duty varies with the foreseeability of the potential harm" (Ishmail v ATM Three, LLC, 77 AD3d 790, 792 [2010], lv denied 16 NY3d 713 [2011] [citation omitted]).  Stated another way, "no duty is imposed to protect . . . against unforeseeable and unexpected assaults" (O'Connor v Syracuse Univ., 66 AD3d 1187, 1189 [2009], lv dismissed 14 NY3d 766 [2010]; see Barksdale v Henry, 228 AD2d at 948), and "landowners have a duty to control third persons only when they have the opportunity to control such persons and are reasonably aware of the need for such control" (Crowningshield v Proctor, 31 AD3d at

1002 [internal quotation marks and citation omitted]). Prior crimes need not be identical to a present crime in order to put a landowner on notice; "the inquiry of foreseeability depends upon the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (Haire v Bonelli, 107 AD3d at 1205 [internal quotation marks and citation omitted]; see Polomie v Golub Corp., 226 AD2d at 980; Karp v Saks Fifth Ave., 225 AD2d at 1016). Finally, although foreseeability is generally an issue to be resolved by the factfinder, it may be determined as a matter of law where the facts are undisputed and permit only one inference to be drawn therefrom (see Haire v Bonelli, 107 AD3d at 1205; see also Ruiz v Griffin, 71 AD3d 1112, 1115 [2010]).

Plaintiff and three of defendant's other officers testified that the police were called to the lodge on more than one occasion, probably more than once per year. Plaintiff recalled two specific disturbances in the years before his attack. In one incident, two individuals got into a "scuffle" inside the lodge and the police were called, but the individuals left before police arrived. In the other incident, two nonmembers were apparently "at each other's throats" in the lodge, but plaintiff himself intervened and stopped it without calling the police. Although he mentioned that one of the individuals involved in that incident had a pistol, plaintiff did not indicate that the weapon was used or even displayed during the incident. Two of defendant's officers recalled an incident where a brick was thrown through the lodge's window from the inside out during a break-in, but no other details of that incident were mentioned. While one of defendant's officers stated that fights occurred both inside and outside the lodge, the record does not contain any more specific information about any fights other than the two described by plaintiff. When asked a single question about whether he remembered an incident where one named individual stabbed another named individual, one of the officers responded that he "somewhat" remembered it, but the record contains no follow-up questions or further information about this situation such as when it occurred, where it occurred, or how it was in any way related to defendant or defendant's property.

Defendant met its burden of showing that the evidence was "insufficient to establish the existence of a duty upon defendant" to protect patrons from such a criminal attack, as the evidence does not prove that the attack on plaintiff was foreseeable (Karp v Saks Fifth Ave., 225 AD2d at 1016; see Colarossi v University of Rochester, 2 NY3d 773, 774 [2004]; O'Connor v Syracuse Univ., 66 AD3d at 1189; Crowningshield v Proctor, 31 AD3d at 1002; Barksdale v Henry, 228 AD2d at 948-949). Although prior fights had occurred on defendant's premises,[1] they appear to be minor disturbances and were mostly inside. One individual who was in one of those prior arguments possessed a pistol, but the record does not indicate that the weapon was actually involved in that situation. The information regarding most of these incidents was so vague that they could not even be compared to the incident that is the subject of this action. Based on this record, these prior situations were not sufficiently similar to the present attack, such that defendant would be on notice to expect or foresee that a stranger was likely to spontaneously slash and stab one of defendant's members or guests outside the lodge on its premises (see Haire v Bonelli, 107 AD3d at 1205-1207; Crowningshield v Proctor, 31 AD3d at 1003; Curcio v East Coast Hoops, Inc., 24 AD3d 997, 998 [2005], lv denied 6 NY3d 710 [2006]; Polomie v Golub Corp., 226 AD2d at 980-981; compare DeCrescente v Catholic Charities of the Diocese of Albany, 89 AD3d 1272, 1276 [2011], lv dismissed and denied 18 NY3d 943 [2012]). Plaintiff failed to raise a question of fact regarding defendant's duty. Plaintiff's expert averred that the

---

[1] Plaintiff testified both that he was first assaulted on the final stair of the entrance steps and that the assault occurred on the sidewalk outside of the lodge. Based on this conflicting testimony, there is a question of fact as to whether plaintiff was on defendant's property at the time of the attack. If plaintiff was attacked on the public sidewalk, rather than on defendant's premises, defendant may not be liable for such attack (see Martinez v New York City Hous. Auth., 238 AD2d 167, 168 [1997]; see generally Galindo v Town of Clarkstown, 2 NY3d 633, 636 [2004]). Viewing the evidence in a light most favorable to plaintiff for the purposes of this motion, we will assume that the attack began on defendant's premises.

lodge is located in a high-crime neighborhood, but general knowledge of "'ambient neighborhood crime alone is insufficient to establish foreseeability'" (Johnson v City of New York, 7 AD3d 577, 578 [2004], lv denied 4 NY3d 702 [2004], quoting Novikova v Greenbriar Owners Corp., 258 AD2d 149, 153 [1999]; see Perez v Real Tuff Piping & Heating, Inc., 73 AD3d 882, 883 [2010]; Six Anonymous Plaintiffs v Gehres, 68 AD3d 1177, 1178 [2009], lv denied 14 NY3d 710 [2010]).

Without proof of similar prior criminal activity, defendant's duty to protect its members and patrons from violent armed attacks outside the lodge never arose (see Haire v Bonelli, 107 AD3d at 1207). Inasmuch as defendant did not have any such duty to plaintiff, we need not address whether defendant's security measures were adequate. However, even if defendant had a duty to protect plaintiff and breached that duty by providing inadequate security, defendant would be entitled to summary judgment on the issue of proximate cause. It was not foreseeable that an individual with no established connection to defendant would spontaneously approach and stab a person stepping off the final stair from the lodge to the sidewalk. This unexpected, intervening criminal act broke any causal nexus between any alleged lack of security by defendant and the injuries sustained by plaintiff (see Maheshwari v City of New York, 2 NY3d at 295; see also Colarossi v University of Rochester, 2 NY3d at 774). Although plaintiff's complaint and bill of particulars also alleged inadequate lighting as an aspect of defendant's negligent maintenance of its property, on appeal plaintiff has abandoned that portion of his argument. Hence, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Rose, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court