Brown v Wal-Mart Stores, Inc. (2023 NY Slip Op 02403)

Brown v Wal-Mart Stores, Inc.

2023 NY Slip Op 02403

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

40 CA 22-00145

[*1]COREY BROWN AND MARJORIE BROWN, PLAINTIFFS-RESPONDENTS,
v
WAL-MART STORES, INC., INDIVIDUALLY AND DOING BUSINESS AS WAL-MART, DEFENDANT-APPELLANT, ET AL., DEFENDANT. WAL-MART STORES, INC., INDIVIDUALLY AND DOING BUSINESS AS WAL-MART, THIRD-PARTY PLAINTIFF-APPELLANT, 
 TOWN OF AMHERST, THIRD-PARTY DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

HARTER SECREST & EMERY LLP, ROCHESTER (JEFFREY A. WADSWORTH OF COUNSEL), AND BROWN HUTCHINSON LLP, FOR DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT. 
COLLINS & COLLINS, BUFFALO (SAMUEL J. CAPIZZI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
MICHAEL J. WILLETT, BUFFALO, FOR THIRD-PARTY DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered January 24, 2022. The order denied the motion of defendant-third-party plaintiff Wal-Mart Stores, Inc., individually and doing business as Wal-Mart for summary judgment dismissing the amended complaint against it and dismissing the counterclaim of the third-party defendant. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint and third-party counterclaim against defendant-third-party plaintiff are dismissed.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Corey Brown (plaintiff) sustained when he was struck by a vehicle operated by an officer employed by the Town of Amherst Police Department (APD). At the time of the incident, APD police officers had been summoned to a store owned and operated by defendant-third-party plaintiff, Wal-Mart Stores, Inc., individually and doing business as Wal-Mart (now known as Walmart, Inc.) ("Walmart"), in connection with a suspected theft of merchandise. Plaintiff, who was an off-duty officer for the APD, responded to the scene, as did several on-duty officers. They conferred with a Walmart asset protection associate (APA) outside of the store. Once the suspect, nonresponding defendant Ronald Kerling, left the store without paying for the merchandise, the APA confronted him, at which point Kerling fled. APD officers pursued Kerling in vehicles and on foot. In the course of the pursuit, plaintiff, who was on foot, was struck by a vehicle operated by another APD officer, causing plaintiff serious injuries.
Plaintiffs commenced this action, contending, as relevant here, that Walmart negligently trained its APAs in the proper methods of dealing with those unlawfully taking merchandise and [*2]thus was vicariously liable for the negligent actions of the APA, which included the APA's alleged failure to follow internal protocols. In a third cause of action, plaintiffs also alleged that Walmart's actions "constitute[d] a violation of New York General Obligations Law § 11-106," which provides injured officers with the right to seek compensation for injuries they sustain if those injuries were caused by, inter alia, the neglect of anyone other than a co-employee or the employer of the officer. Walmart answered and subsequently commenced a third-party action against third-party defendant Town of Amherst (Town) seeking contribution and indemnification on the ground that it was the Town's employee, i.e., the other APD officer, who was responsible for plaintiff's injuries. The Town answered and asserted a counterclaim against Walmart seeking to be reimbursed for money it paid to plaintiff as a result of Walmart's alleged negligence (see General Municipal Law § 207-c [6]).
Following extensive discovery, the Town moved for summary judgment dismissing the third-party complaint, and Walmart moved for summary judgment dismissing the amended complaint and third-party counterclaim against it. In appeal No. 1, Walmart appeals from an order granting the Town's motion. In appeal No. 2, Walmart appeals from a separate order denying its motion based on Supreme Court's determination that triable issues of fact had been raised by plaintiffs and the Town.
Addressing first appeal No. 2, Walmart contends that it owed no duty to plaintiff and that the court thus erred in denying its motion. We agree. "Before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty to the plaintiff . . . 'Absent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm' " (Safa v Bay Ridge Auto, 84 AD3d 1344, 1345-1346 [2d Dept 2011], quoting 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 289 [2001], rearg denied 96 NY2d 938 [2001]; see generally Palsgraf v Long Is. R.R. Co., 248 NY 339, 342 [1928], rearg denied 249 NY 511 [1928]). "[T]he definition of the existence and scope of an alleged tortfeasor's duty is usually a legal, policy-laden declaration reserved for Judges to make prior to submitting anything to fact-finding or jury consideration" (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585 [1994]; see Pink v Rome Youth Hockey Assn., Inc., 28 NY3d 994, 997 [2016]), and that determination is made "by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability" (Gilson v Metropolitan Opera, 5 NY3d 574, 576-577 [2005] [internal quotation marks omitted]).
Here, plaintiffs rely on two theories of duty. First, they contend that Walmart, as the property owner, had a general duty "to take reasonable steps to minimize the foreseeable danger to those unwary souls who might venture onto the premises," i.e., to protect plaintiff from the dangers associated with the criminal activity of Kerling and the alleged negligence of the Walmart employee in summoning the police (Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 518 [1980]). Second, plaintiffs contend that Walmart assumed a duty to plaintiff as a result of its internal policies (see generally id. at 522).
Addressing first the general duty to protect plaintiff, we recognize that, although "landlords and permittees have a common-law duty to minimize foreseeable dangers on their property, including the criminal acts of third parties, they are not the insurers of a visitor's safety" (Maheshwari v City of New York, 2 NY3d 288, 294 [2004]; see Nallan, 50 NY2d at 519). In our view, prior thefts at the Walmart store do not bear a sufficient relationship to what occurred in this instance—a negligent motor vehicle accident between plaintiff and his coworker—so as to create a duty flowing from Walmart to plaintiff (see Milton v I.B.P.O.E. of the World Forest City Lodge, #180, 121 AD3d 1391, 1394 [3d Dept 2014]; see also Mulvihill v Wegmans Food Mkts., 266 AD2d 851, 851 [4th Dept 1999]; Polomie v Golub Corp., 226 AD2d 979, 980-981 [3d Dept 1996]).
Addressing next the allegation that Walmart assumed a duty to plaintiff, we note that plaintiffs' contention is that the APA violated Walmart's internal policy and, as a result, the APA should not have summoned the police to address the suspected criminal activities of Kerling. Plaintiffs contend, through an expert, that the APA should have either informed the suspect that he should leave or "should have simply let the suspect go" and not summoned the police until after the suspect had left the store. Regardless of whether the APA violated Walmart's internal [*3]policy, any alleged violation of Walmart's internal policy did not create a duty flowing from Walmart to plaintiff. The purpose of the internal policy was to protect "the physical well-being of [s]uspects, customers and Walmart associates." Plaintiff was an off-duty police officer responding to an alleged criminal event who never entered the store. He was not one of those covered by the goal of the policies (cf. Raburn v Wal-Mart Stores, Inc., 776 So 2d 137, 138 [Ala Civ App 1999]; Colombo v Wal-Mart Stores, Inc., 303 Ill App 3d 932, 933, 709 NE2d 301, 302 [1999], appeal denied 185 Ill 2d 620, 720 NE2d 1090 [1999]). Moreover, there is no evidence that plaintiff knew of and relied to his detriment on Walmart's internal policies (see Arroyo v We Transp., Inc., 118 AD3d 648, 649 [2d Dept 2014]; Safa, 84 AD3d at 1346).
Finally, we note that there is no basis to conclude that Walmart had any control over plaintiff or his coworker, i.e., the actual tortfeasor, such that Walmart should be held to owe a duty to plaintiff (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233 [2001]; see also Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494 [2005]; Gilson, 5 NY3d at 577; see generally Pulka v Edelman, 40 NY2d 781, 783-785 [1976], rearg denied 41 NY2d 901 [1977]).
We therefore reverse the order in appeal No. 2, grant Walmart's motion, and dismiss the amended complaint and third-party counterclaim against it. In light of our determination, we do not address Walmart's remaining contentions in appeal No. 2. Inasmuch as our determination in appeal No. 2 renders Walmart's appeal from the order in appeal No. 1 academic, we affirm the order in appeal No. 1.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court